THIS is an application to the Court to sanction an arrangement desired by all the members of the family, w^° are competent age. to form a correct judgment of their interests, and to express their assent. The ar-i’angement desired is, that the assessment made by the appraisers of the real estate of the late Mr. John Huger, *19 conformably to his last will, by which the son Daniel is directed to pay the sum of 3467L to his brother Eciija-min, in order to equalize his real estate to his brothers, should be settled by an allotment of part of the tract of land called the Hagan, devised to Daniel Huger. Many facts have been stated and agreed to by the parties, which shew clearly that it would be highly oppresssive upon Daniel to raise the money in any other way ; that Ms personal estate is moderate, and the crops small, so that he could not possibly work out the debt; and that a too strict or literal adherence to the words of the will might defeat the beneficent intentions of the testator towards his eldest son. The Court is satisfied by the facts stated and the arguments founded on them, that it would be highly beneficial to the son Daniel to sanction the family arrangement, by which he is to be permitted to pay the assessment to Benjamin, by conveying to him part of the land ; and the Court is highly desirous, as it always is, to support family arrangements which tend not only to benefit the interests of the parties, but to introduce or preserve harmony in the family ; but this inclination must be regulated by the rules of law. Upon examining the will of the late Mr. John Huger, there appears to be some difficulties, which may be removed, but which it is proper to state, that it may appear hereafter, (more especially as the decree in this case must be nisi) that they were considered. The first difficulty is that the land called the Hagan, is not devised to the son Daniel in fee, but merely for his natural life, and at Ms death to the heir or heirs of his body lawfully begotten. If Daniel should be considered to hold a mere life estate, it would be impossible for the Court, and illusory to thb son Benjamin, to decree that Daniel should convey any part of the land in fee simple ,• but by a series of well considered cases, beginning with Shelly’s case, scarcely ever doubted, (and questioned only in a few' other decided cases, which themselves have been held to be anomalous,) it has been settled that « Where the ancestor takes an estate of freehold either mediate or im *20 mediate, to his heirs, or the heirs of his body, the word heirs is a word of limitation and not of purchase consequently the estate in fee, or fee tail, (according to ^xe worc^s used) rests in the ancestor, (see Fearne on conting. remain. & ex. devises, 103,) and this is the case, wjietliei» the estate arises under a deed or a will, (see same author, p. 123.) By applying this rule to the devise to Mr. Daniel Huger, it will appear that notwithstanding the devise is for life, yet the superadded words of limitation to the heirs of his body, vests in him a fee, not indeed a fee simple, but a fee conditional at common law $ and as such, tenant can defeat the interest of his children, by alienating the same after he has issue ; and as Mr. Daniel Huger has issue, and he consents to make a conveyance, it appears to the Court that this objection does not stand in the way of the desired family arrangement.
The next question which arises is, whether the contingent limitation of the Hagan plantation to the next eldest son of the testator and his heirs, in case of Daniel’s death without leaving lawful heirs of his body | and whether the subsequent limitation to the two younger sons or the survivors of them, in case both Daniel and John should die without issue, presents any insuperable difficulty in this case ; and certainly the Court would have been very much embarrassed, if Mr. John Huger and Mr. Alfred Huger, had not in a liberal manner, well calculated to lay the foundation of a lasting friendship between all the brothers (which is so earnestly recommended by the testator to his sons) proffered to to release their contingent rights in the Hagan tract under the will. By this offer, which forms part of their answer, the Court is relieved from the necessity of being astute to remove the difficulties. The contingent interest of Benjamin himself cannot stand in the way of the arrangement, because that interest is very remote, and because the family arrangement is intended to vest part of the very land in him, in fee simple.
*21 The next question is of less difficulty. — It is whether the Court can, and if it can, whether it will, under the circumstances of this case, authorise the investment of the sum assessed, to be paid by Daniel Huger to his bro-flier Benjamin, in the purchase of part of the Hagan tract of land. The Court has no doubt that it possesses the power to sanction such investment. The reason and necessity of the thing requires the exercise of this power for the benefit of minors, otherwise they would suffer very materially ; and the decided cases shew the constant exercise of this power in proper cases, (see the cases of Winchelsea vs. Norcliff, 1 Vern. 436, and Inwood vs. Turner, in Ambler, 419,) and there is less reason for hesitating in this country, than in England ; for there the chief reason for reluctance on the part of the Court, was, that by changing the nature of the minor’s estate, from real to personal, or from personal to real, the rights of third persons, who might be entitled in case of the death of the minor, would be materially affected, as landed and personal property go in very different channels. But in this country, both species of property go to the same persons precisely. The interference of this Court therefore, by sanctioning changes, will not vary the rights of the parties who may be interested.
If Mr. Daniel Huger actually paid the assessment in money, the only question would be, which is the most beneficial method of investing it for the benefit of Benjamin ? That is substantially the question now j and from the representations of the family, and from the petition of the guardian, I have no doubt that it will be to his interest to invest the amount, in the purchase of part of the Hagan tract; but as it is the course of the Court to refer such questions to the master, let it be referred to the master to enquire and report whether it is for the interest of the minor that the money to arise from the assessments in bill and petition mentioned, be invested in the purchase of the land and stock in bill mentioned, and at what price; and that in so doing he cause the fa *22 mily °f tlie testator and tlie executors to appear before him, and that he do report thereon, and also what conveyances may be made thereupon. Upon the coming in of his report, if the same be favorable to the purchase, the Court will make a decree' conformably principles above laid down, reserving the rights of the minor to come in within six months after he attains twenty-one years of age, to shew cause against the decree.